E. H. WARNER, administrator of GEORGE WARNER, deceased, *vs.*
ENOS PAGE.

ESSEX,
*March.*
1832.

·A seizin in *fact* of land under colour of title. is itself sufficient title for the plaintiff to recover against a defendant, who afterwards enters without colour of title.

If a tenant at will of land discontinues his possession, this should be treated as an abandonment to his landlord.

, A having given ·a deed of warranty of land, and afterwards having put a third person . in possession of the same land, should be considered as having done this in behalf of his grantee, or as his agent; at least, he may be presumed to have so done.

This was an action of *ejectment* for lot no. four, in the eleventh range of lots in Concord, being the second division, laid to the right of·Gideon Tiffany, an original proprietor. The plaintiff produced a warranty deed of the premises, executed to his intestate by Azarias Williams. He also produced deeds to show, that Williams claimed to be the owner of Tiffany's right : but one deed was a vendue deed, and was not supported by sufficient testimony to render it valid to convey the title. The lot in question was taken up and possessed by one Collington, previous to the year 1809 ; and there was evidence, tending to prove, that, soon after Collington went into possession, he applied to Williams, and consented to hold said premises subject to Williams' supposed title ; that he continued this possession, till after the conveyance from Williams to *Warner*, which was on the fifteenth of April, 1814. There was also contradictory evidence, tending to prove said possession discontinued, and abandoned a year or two previous to said conveyance. There was also evidence tending to prove, that, in the fall of 1814, one Sargent went into passession, under a verbal contract then made with Williams for the purchase of the land, and that the possession so taken by Sargent had been transmitted through several persons to the defendant ; and also evidence tending to disprove any privity or connection between Williams and Sargent, or those who succeeded him. The counsel for the plaintiff contended, that, if Collington was at any time holding under Williams, though such possession should have been discontinued and abandoned before the execution of the deed from the latter to *Warner*, such possession would entitle *Warner* to recover in this action ; the defendant not showing any paper title, nor a possession for fifteen years, before the commencement of this action. Also, that, if Sargent entered under a contract with Williams for a purchase, though after Williams had deeded to *Warner*, Williams should be presumed to act as the agent of *Warner*, who might therefore avail himself of such possession by Sargent, whereby to.

Essex,
March,
1832.

Warner's admr
vs.
Page.

recover against the defendant. The court instructed the jury, that, if Collington held in subjection to the supposed title of Williams until after the deed from Williams to *Warner*, such possession would enure to the benefit of *Warner*, and give him an actual seizin of the premises; which, if not discontinued and abandoned before the entry of Sargent, would entitle the plaintiff to recover. But if such possession by Collington was discontinued and abandoned, before the deed aforesaid was given, no seizin in fact passed to the plaintiff by said deed; and if after said deed was given, so long an interval of time elapsed, between the last acts or claim of possession by Collington, and the commencement of those by Sargent, that the possession could not be reasonably regarded as continuances, but might be taken to have been abandoned for a time : in neither case was the plaintiff entitled to recover on the possession of Collington. The court further charged the jury, that whether the plaintiff could avail himself of the possession of Sargent, as an original possession, giving a seizin to the plaintiff, depended on two questions; first, whether Sargent entered under any contract or license of Williams ; and second, whether Williams was acting by authority of, or as agent of the plaintiff; that both questions must be decided by the proof in the case ; and that neither was determined by any presumption. Verdict and judgement for the defendant. And to so much of the charge of the court, as is above alluded to, the plaintiff excepted.

The cause came up to the Supreme Court upon a bill of exceptions, showing the foregoing facts.

*Mr. Fletcher, for the plaintiff*, contended, that the instructions to the jury were incorrect upon both points ; that, if Collington abandoned the premises, after having consented to hold under Williams, that would operate as a surrender to Williams, or his grantee ; that the instructions with regard to the possession by Sargent were too indefinite, and excluded the plaintiff from the benefit of presumptive evidence, to which he was entitled.

*Hibbard and Cushman, for defendant.*—If there was any error in the charge of the court, it was in favor of the plaintiff, and he cannot avail himself of it. Collington could not in law hold in subjection to the supposed title of Williams, when he took possession of the land in his own right, without surrendering the same by deed or note in writing. At all events, if Collington abandon-

ed his possession, as the case shows, no seizin in fact passed to plaintiff, and he cannot recover.

Essex.
March,
1832.

Warner's admr
vs.
Page

The evidence tending to prove, that Sargent went into possession of the land in the fall of 1814 ; and also the evidence tending to disprove any privity or connection between Williams and Sargent, could only be decided by the proof in the case. If the jury had found, by the proof in the case, that Sargent did enter under any contract or license of Williams, as the agent of *Warner*, they could only have found for the plaintiff, if they regarded the charge of the court. If the jury had found, that Williams contracted with Sargent, in his own right, and not in the right of *Warner*, they were not permitted to find, contrary to evidence, that Williams was acting as the agent of *Warner*. But if the jury found, as must be presumed by recuring to the whole case, that Sargent never made any contract with Williams, or *Warner*, about the purchase of said lot, then the plaintiff's whole case falls to the ground, he having neither title nor possession. Perhaps it will be said by plaintiff's counsel, that many recoveries have been had in actions of ejectment, when the plaintiff did not show a legal paper title. Admitted. But we know of no case of a recovery on such evidence, as was offered in the present case. All the cases that we have been able to find, were founded on proof, that the defendants held under one, who had taken a lease of the plaintiff, or had himself taken a lease of the plaintiff, or those under whom the plaintiff held ; or had himself contracted to purchase of the plaintiff, and, under such purchase, had taken possession, and failed to fulfil his contract.

*The opinion of the Court was pronounced by*

HUTCHINSON, C. J.—The plaintiff has shown no other title in his intestate than actual possession, by his tenant, under his claim of title ; and, whether he has shown this, depends upon the finding of the jury, under correct instructions from the court, upon the point of the tenancy, either of Collington, or Sargeant, or both. As it was left to the jury, they found for the defendant. The correctness of the instructions upon these possessions is all we have to examine. As the jury might probably understand these instructions, they might not lead to a correct result in their deliberation. By the expression, " if the possession by Collington was discontinued and abandoned, before the giving of the deed from Williams to *Warner*, no seizin passed by the deed," the jury might consider, that they had nothing to consider but the true time, when

Essex.
March,
1832.

Warner's admr
vs.
Page.

Collington left the possession. Whereas, if Collington consented to hold under Williams' supposed title, and, from that time, held in that way, his going away and leaving the farm vacant, would be a surrender of it to Williams, or to his assignee or grantee. If we call it abandonment, it would be abandonment to Williams or his grantee. We must bear in mind, in all this, that the defendant sets up no title. Against a person in such a condition, a prior possession under claim of title is itself sufficient title, unless the premises are left vacant for so long a period, as to create a presumption, that all concerned in such prior possession had abandoned it. There seems to have been no evidence in this case sufficient to warrant such a presumption. If the jury might presume, that Collington had left the premises with no intention of returning, yet there was no ground to presume, that Williams and *Warner* had abandoned their claim. With this view presented to the jury, it is possible, they might have found for the plaintiff.

An exception was also taken to the instructions with regard to the plaintiff's availing himself of the possession of Sargeant. There being evidence to be weighed on both sides, whether Sargent took possession under a licence from Williams, the court instructed the jury, that this, as well as the question of Williams' acting as agent of *Warner*, must be decided by the proof, and not by any presumption. This was liable to be misunderstood by the jury. It is true, there must be no presumption, aside from the proof of facts, from which the presumption might be raised. But there seems to be evidence, in this case, from which the jury might infer, that Williams acted as agent for *Warner*, in putting Sargent in possession. On inspection of the deed from Williams to *Warner*, we find it to be a warranty deed. That gave Williams a deep interest in having a possession kept under his title, if he were not very sure, that his vendue title was perfectly good. Whatever Williams did in procuring inchoate, or auxiliary, or absolute title, would all enure to the benefit of *Warner*, his grantee. Now, if the jury found, that Sargent took possession by licence from Williams, the evidence, that Williams had thus given a warranty deed to *Warner*, and that *Warner* was not disturbing, or complaining of, this possession, was proper to be left to the jury as a ground of presumption, that Williams acted as agent of *Warner*. This was not so left to the jury, and the charge was liable to be understood as excluding all presumption from the case ; or deciding, that there was no testimony proper to raise a presump-

tion, favorable to the plaintiff, on the subject of the possession of

Sargent.

                    The judgement of the county court is
                    reversed, and a new trial is granted.