## Abstracts of Decisions of the Surpeme Court, rendered at the April Term, 1871.

——

### HYACINTHE RIOPELLE *vs.* FRANCIS GILMAN.

Construction of statutes with reference to the time of bringing actions for the recovery of lands.

### Error to Wayne Circuit.

*Opinion by* CAMPBELL, C. J,—This was an action of eject-ment in which the defendant below moved judgment against the plaintiff, who complains in this Court of certain rulings, which are only important in case the suit was not barred by lapse of time. That question, therefore. was first considered. There was no dispute in regard to adverse possession by the defendant for something over twenty-two years. There was a contest as to a period before that which extended back to 1846, about twenty-six years. The dispute, therefore, in the outset, was as to the effect of the statute. The case is governed by sections one and six of the *R vised Statutes* of 1838, the former providing that "No person shall commence an action for the recovery of any lands or make any entry thereupon unless within twenty years after the right to make such entry or bring such action," first accrued or within twenty-five years after he, or those from whom he claims, shall have been seized or possessed of the premises, except as hereinafter provided."

Section six declares that "no person shall be deemed to have been in possession of any lands, within the meaning of this chapter, merely by reason of having made an entry thereon, unless he shall have continued in open and peaceable possession of the premises for the space of one year after such entry, or un-

less an action shall be commenced upon such entry and seizure within one year after he shall be ousted or dispossessed of the premises."

The two limitations cannot propely be blended together — The statutes require that every action shall be brought within twenty years from the time it accrued ; also, that a party must bring his action within twenty-five years after disseizin, whethei the persons in possession during the interim claim from each other or not, saving only the case where, within one year from, the disseizin an action has been brought against the disseisor.— The object is to compel every party disseised to use some diligence. and to bar his entry after twenty-five years' practical abandonment of his title to strangers.   As this cause of action accrued twenty years before suit was brought, it is barre.t at all events, and the other questions become immaterial.

Judgment affirmed with costs.

## HOLMES vs. TRAMPER.

T. gave his note which was partly written and partly printed.  The printed portion conclude with the words, " with interest at."  After the note was delivered to the payee, the words and figures " 10 per cent" were added after the printed word "at," without the knowledge or consent of the maker.  The plaintiff was a *bona fide* holder before maturity.  *Held*, that the alteration should be treated as a forgery, and that the case was not such as would bring it within the rule which would hold the maker liable on the ground of negligence.

Error to Washtenaw Circuit.

*Opinion by* CHRISTIANCY, J.—This was an action brought by Holmes against Tramper on a promissory note signed by the latter, which was partly printed and partly in writing, a printed blank having been used.   The following is a copy of the note :.

$400.

One year after date I promise to pay to Lyman Terry or bearer, four hundred dollars at the first National Bank of Ann Arbor, value received, with interest at 10 per cent.

JACOB TRAMPER.

There was evidence tending to show that the note had been al-