## Sarah C. Albright v. William R. Cobb.

*Vacant lands: Constructive possession: Mortgagor.* The constructive possession of vacant lands, as between mortgagor and mortgagee, must be deemed to be in the mortgagor.

*Mortgagee: Right of possession: Right of entry: Statute of limitations.* The mortgagee of a mortgage given in 1839 in this state, had a right to take possession by way of security; but this was a mere right of entry and would be barred after twenty years.

*Submitted on briefs June 8.     Decided June 20.*

Error to Livingston Circuit.

This is an action of ejectment, originally brought by Roswell Barnes against William R. Cobb. The plaintiff having died after issue joined, leaving Sarah C. Albright his sole heir at law him surviving, the latter was permitted to appear and prosecute the suit. The cause was tried by the court without a jury, and a written finding of facts was made and filed. Judgment was rendered for the defendant, and the plaintiff brought error.

*H. H. Harmon,* for plaintiff in error.

*Dennis Shields* and *Thomas F. Shields,* for defendant in error.

COOLEY, CH. J:

On the facts as found by the circuit judge the plaintiff was entitled to judgment.

Both parties claimed under Olney Hawkins, who was owner of the premises in 1839. On the 17th day of August in that year he mortgaged the land to Virgil Booth, to secure the payment of eleven hundred dollars in six months from that day. Subsequently he conveyed his equity of redemption to Robert D. Power, who died in March, 1861. His heirs at law conveyed to Roswell Barnes, who conveyed to the plaintiff. She thus became owner of the title, except as against any claim under the mortgage.

ALBRIGHT *v.* COBB.

Defendant claims under the Booth mortgage by an assignment from his administrators executed in 1863, he having died in 1859. The judge finds that some two hundred and fifty or three hundred dollars was paid on the mortgage, but he does not find when the payment was made. We cannot presume, in the absence of any finding, that it was not made at or near the time when the mortgage fell due. The mortgage must therefore have been assigned by Booth's administrators some twenty-three years or thereabouts after the mortgage became due, and after any payment upon it. The precise time when possession under the mortgage was taken was not found, but it was inferable that it was in 1863 or 1864.

Where lands are vacant, as was the case here when this possession was taken, the constructive possession, as between mortgagor and mortgagee, must be deemed to be in the former. The mortgagee of a mortgage given in this state in 1839 had a right to take possession by way of security.—*Mundy v. Monroe, 1 Mich., 68.* But this was a mere right of entry, and would be barred after twenty years.—*R. S. 1838, p. 573; Riopelle v. Gilman, 23 Mich., 33.* On the case as it stands, therefore, the entry of the defendant was unlawful. An examination of the other questions in the case seems not to be called for.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.