### Peter P. Van Vleet v. Robert Blackwood.

*Ejectment—Statute of limitations.*

The plaintiff in ejectment must rely on the sufficiency of his own title, and cannot question the defendant's before making a *prima facie* case of actionable right in himself.

One cannot recover in ejectment unless at the time of beginning the action, he had a right of possession, and under Rev. Stat. of 1838 such right was barred if entry was not made within twenty years from its origin.

Under the Revised Statutes of 1838 a mortgagee had a right of entry on default in the payment of the mortgage; but if he made no entry, he could have no such possession as would enable him to enter within twenty-five years, or bring an action for the recovery of the land; and an entry without right by a stranger would not enure to his benefit so as to enable

him to make his original entry or bring suit within twenty years from the origin of his right.

Error to Lenawee. Submitted Oct. 31. Decided Nov. 21.

EJECTMENT. Defendant brings error.

*Stacy & Underwood* for plaintiff in error. A mortgage is not evidence of title if the mortgagee never took possession and no interest has been paid for twenty years, Ang. on Limitations, § 454.

*Henry M. Cheever* and *Walker & Weaver* for defendant in error. Where several persons successively enter land, their several possessions cannot be tacked so as to make a continuity of possession unless there is priority of estate, or the several titles are connected, *Melvin v. Proprietors*, 5 Met., 15; *Brandt v. Ogden*, 1 Johns., 158; *Ward v. Bartholomew*, 6 Pick., 410; *Wade v. Lindsey*, 6 Met., 407; *Doe v. Campbell*, 10 Johns., 475; *Jackson v. Leonard*, 9 Cow., 653; *Overfield v. Christie*, 7 S. & R., 173; *Moore v. Small*, 9 Penn. St., 194; *Mercer v. Watson*, 1 Watts, 330; *M'Coy v. Dickinson's Trustee*, 5 S. & R., 25; Angell on Limitations, § 14.

GRAVES, J. This case now appears for the third time in this court. Our former rulings in it will be found in 30 Mich., 118, and 33 id., 334. The present record exhibits several questions of more or less importance, but the point of primary significance relates to the effect of lapse of time on Blackwood's right to bring the action, and if the opinion of the court is against him on that, the other questions are not material in respect to the result. It is, therefore, expedient to waive discussion on the other points for the time being and first examine the important question referred to. In approaching it the familiar doctrine suggests itself that Blackwood must rely on the sufficiency of his own title, and cannot question Van Vleet's before making a *prima facie* case of actionable right in himself. Now he bases his right on

a mortgage by Miller to Adee May 27, 1837, for $400 and interest, payable June 1st, 1842, and an assignment of the mortgage July 14th, 1838, by Adee to the elder Blackwood, and another November 7th, 1859, by the latter to himself. The objections to the evidence relative to these transfers may be waived and it may be assumed they were in good form. For the present purpose it may be likewise assumed that nothing has been paid. Van Vleet entered in 1850, and since that time has continued in actual possession. Prior thereto the premises were wild and vacant. Neither Miller, the mortgagor, nor Adee, the mortgagee, nor Blackwood senior nor defendant in error ever made entry or occupied. No disabilities have been in the way.

In making this statement of facts objections raised by plaintiff in error are not regarded. The case is set forth in as strong a light for defendant in error in respect to the facts as the record will permit. Now the question whether the action can be maintained in view of the length of time between its commencement and of the accruing of the right of entry under the mortgage must be ruled by the regulations for limiting such rights contained in ch. 1, tit. 6, pt. 3d of the Rev. Stat. of 1838. Chapter 228, Comp. L., is restrained by its own provisions. § 7145. Hence § 7140 quoted by counsel for defendant in error as bearing effectively on the case does not apply at all.

As between Miller, the mortgagor, and the successive owners of the mortgage, the former had the constructive possession, but the latter, at least from the default in June, 1842, held the right of entry up to 1862. Subds. 4 and 5 of § 3, ch. 1, *supra*, Rev. Stat., 1838. *Albright v. Cobb*, 34 Mich., 316, and cases. But as no one ever entered or had actual possession under the mortgage it follows that no one was ever seized or possessed under it within the meaning of the provision in section one allowing twenty-five years for entry where an actual possession has been ousted or abandoned. § 6.

Hence the case does not fall within that regulation. The conditions required by it have never existed.

The other branch of the section is independent of such antecedents, and it prohibits action or entry unless the first is commenced or the second made within twenty years next succeeding the accruing of the right. Now as before stated, the right to enter under the mortgage title in question accrued as early at least as June, 1842, or some twenty-two years before suit, and the facts assign the case to this twenty years provision.

Had the premises remained vacant, Blackwood's right of entry would have been tolled (*Albright v. Cobb*, supra); and it is not perceived that Van Vleet's going in arrested the statute and so accrued to the benefit of Blackwood. His case is that Van Vleet has nothing in privity with the mortgagor or his estate or interest, and that he is a stranger whose entry and holding have been without right. In *Henderson v. Griffin*, 5 Pet., 151, 158, the court say, "it is settled law, that an entry on the land by one having the right has the same effect in arresting the progress of the limitation as a suit; but it cannot be sustained, as a legal proposition, that an entry by one having no right is of any avail." Finally, the statute in express words negatives the right to recover in ejectment unless the plaintiff at the commencement of the action has a right to recover the possession of the premises or of some share, interest or portion to be proved and established at the trial (Comp. L., § 6206), and we think this right was cut off before he sued by the foregoing provision against entry after twenty years. *Atkyn's Lessee v. Horde*, 1 Burr., 60; Angell on Lim., § 369.

We observe these parties were in controversy about this mortgage in 1863. This is evident from the report in 11 Mich., 252. It thence appears that Blackwood filed a bill alleging his ownership of the mortgage; that Van Vleet was in possession claiming title under tax-deeds, and threatening waste; that the tax-deeds were invalid:

and praying an injunction to restrain the waste, and that the deeds in question might be declared void. Van Vleet demurred, and the circuit court sustained the demurrer and dismissed the bill. Blackwood appealed, and this court affirmed the decree. In giving the opinion Mr. Justice Manning observed that as the statute of 1843, taking away the right to bring ejectment, was inoperative against this antecedent mortgage, there was "nothing in the way of complainant bringing an action of ejectment against defendant to try the validity of the tax-titles." But in closing the opinion, he further observed that "in no view that can be taken of the bill does it show sufficient cause for an injunction. Complainant is not in possession, has not established his title to the premises against defendant at law, and shows no priority of estate, or action of ejectment pending to try the tax-title." The remark relative to the right to sue in ejectment was not necessary to the decision and was uncalled for. The attention of the court was not directed to the existence of any obstacle whether founded on lapse of time or on any other ground.

On the contrary Blackwood's counsel conceded that ejectment might be brought, but contended it would not afford the relief due. Had the point been noticed it must have been deemed a further reason against the equity of the bill. The right of entry being barred at law would be a basis for argument in favor of the refusal to sanction equitable interference with the *possession* prior to foreclosure in the mode and on the ground which the bill contemplated.

The record discloses other difficulties than the one chiefly noticed, and among them one which springs from the neglect to enter coupled with the want of proof of payment of anything and the want of cogent evidence, if any at all, of recognition on the part of the mortgagor or of any one in his shoes of the substance of the mortgage within the twenty years next preceding the commencement of the suit. Buller's N. P., 110; *Dun-*

*ham v. Minard,* 4 Paige, 441; *Giles v. Baremore,* 5 Johns. Ch., 545; *Jackson v. Hudson,* 3 Johns., 375; *Collins v. Torry,* 7 Johns., 278; *Hillary v. Waller,* 12 Ves. Jr., 239, and other cases. It is not needful to extend discussion, however, beyond the principal point.

The rulings below involve it and a reversal with costs is unavoidable.

CAMPBELL, C. J. and GRAVES, J. concurred: COOLEY, J. did not sit in this case.