SARAH E. EAMES v. JAMES McGREGOR.

*Ejectment—Source of title—Admissions—Record of deed—Identity.*

When both plaintiff and defendant in ejectment claim under a particular person, the latter's title is mutually admitted, and plaintiff need not go farther back in the chain of title.

Plaintiff in ejectment must inquire of the defendant in possession as to the nature of his claim, and the latter must truthfully explain it, and his statements and explanations are admissions concerning the nature and extent of his right, which plaintiff may put in evidence to show that both claim from the same source, and that plaintiff has paramount title.

The record of a deed cannot be excluded from evidence in an action of ejectment, for the reason that it had not been recorded until after suit was begun.

Where the parties in ejectment claim under a person of the same name, and there is evidence to support, but none to contradict, the inference of identity, it is reasonable to assume that it was the same individual.

Plaintiff in ejectment showed title from the grantee of one John McGregor, and also offered evidence that the defendant, James McGregor, was in possession before plaintiff's purchase, and had told the latter's agent that he was on the place by the permission of his brother John, and after saying that if he was paid for his crops he would yield possession at once, refused to do so, though he claimed no title. Defendant offered no evidence. *Held* that the case should have gone to the jury on an instruction that if they believed the undisputed evidence, and found that defendant rested on the title held by John before he conveyed, they should find for plaintiff.

Error to St. Clair. Submitted April 7. Decided April 21.

EJECTMENT. Plaintiff brings error.

*Avery Brothers* for plaintiff in error. In ejectment it is enough to trace title to a common stock, *Johnstone v. Scott* 11 Mich. 243; plaintiff in ejectment can recover on defendant's parol acknowledgment that he has no title and on proof of title in himself from defendant's lessor, *Jackson v. Denison* 4 Wend. 561; the declarations of a party in possession and of those under whom he

claims, as to the nature and extent of their interest, are admissible in evidence, *Jackson v. Cole* 4 Cow. 593.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for defendant in error.

GRAVES, J.   The plaintiff brought ejectment for an eighty-acre lot in St. Clair county, and on the trial the circuit judge directed a verdict for the defendant.   The plaintiff proved the following conveyances : *First*, a warranty deed under date of Septemper 19, 1860, from Lewis Brockway and wife to John McGregor ; *second*, a warranty deed from John McGregor to John A. McRae, under date of January 16, 1875 ; *third*, a warranty deed dated June 14; 1878, from John A. McRae and wife to the plaintiff.

The plaintiff further proved that the defendant was in possession prior to her purchase and her deed from McRae, and had continued in possession uninterruptedly since; that she demanded possession of him both orally and in writing, and gave him ninety days' notice in writing to quit and yield up possession, and that he positively refused.

She also submitted evidence that whilst she was negotiating with McRae for the premises, her husband, as her agent, personally called upon the defendant, who was in possession, and informed him that she was talking about buying the land, and wished to know what claims he had thereto, and that he replied he had no claims except to the crops, which he thought he ought to be paid for, and that if plaintiff bought the place, and he was paid for his crops, he would yield possession at once, and that he was on the place by permission of his brother, John McGregor; that soon after this, which was in June, 1878, she received her deed from McRae, and that her husband, acting as her agent in her behalf, again called on defendant upon the premises and requested possession, and that defendant declined

to yield, and gave as a reason that he had received a letter from his brother John instructing him to hold possession, and added that he should do so.

The plaintiff also gave evidence that during the haying season of 1878, the defendant informed J. W. Avery that he went in under and by permission of his brother, John McGregor, expecting that John would never sell the place, and that he would be permitted to continue in occupation, and that he made no claim of title in himself; that the husband of plaintiff had frequent talks with defendant concerning his occupation, and that he never made any other or different claim than that of holding under his brother, John McGregor.

The defendant offered no evidence.

In directing a finding for defendant the court erred. The case should have been left to the jury with an instruction to the effect that if they believed the undisputed evidence on the part of the plaintiff, and found from it that defendant, holding under his brother John, rested on the ownership John held at and before his deed to McRae, the grantor of plaintiff, and not on some ownership or right of John derived by him subsequently to that deed to McRae, and of force against it, then they should find for the plaintiff. Because if both claimed from the ownership which John McGregor held at the time he deeded to McRae, it was a mutual admission of the sufficiency of the title of John McGregor for the purpose of the suit, and the plaintiff was not required to go further back in the chain of title; and in the absence of proof of any other title in defendant than his permission from John to occupy as stated, the plaintiff's title derived from John's grant was good against it in ejectment.

The defendant being in possession, it was incumbent on the plaintiff to inquire of him respecting his claim, and it was his duty to explain it truthfully, and his statements and explanations were admissions of the

party in possession touching the nature and extent of his right, which the plaintiff was entitled to prove for the purpose of making out that both claimed from the same source, and also that the right of defendant was inferior, and that of plaintiff paramount.

There is no pretense that defendant possessed any paper title to stand in the way and control the question, or that he possessed any other right than that mentioned by the plaintiff's witnesses. In short, the fair and just construction of the evidence respecting defendant's occupancy, and the way the parties on the trial below understood, is that it was under the right granted to his brother John by the Brockway deed, and not under some imaginary later right of John, of which the case affords no pretense of existence. In view of the action and the situation of the parties, it is not perceived that any other course was open to the plaintiff. No right of John McGregor was shown as a basis for defendant's holding except the very ownership which John appears to have alienated to McRae, the plaintiff's grantor, and if there was any other it was for the defendant to show it. The case was therefore brought to the narrow ground whether the jury would believe the evidence for the plaintiff concerning the statements and explanations of defendant. There is no question of estoppel or parol disclaimer, nor any question relative to the admissibility of acts or admissions by a tenant in derogation of the title held by the landlord at the creation of the term, nor any question concerning the allowance of oral proof to contradict a paper title. The objection that the deed from John McGregor to McRae was not recorded until after the commencement of the suit has no force. The record could not be excluded for that reason. *Russell v. Sweezey* 22 Mich. 235. Moreover, the deed itself was produced.

There does not appear to have been any ground for suspecting that the maker of the deed to McRae was not the same John McGregor described as grantee in the

deed from Brockway, and specified by the defendant as his brother under whom he claimed to occupy. Besides the proof arising from the badges of identity in the deed, there was oral evidence not to be disregarded. The plaintiff's husband swore that he showed to defendant the original deed from John McGregor to McRae, and that defendant then said "it was all right." As the defendant offered no evidence, and did not attempt a contradiction or seek to repel the inference of identity arising from the sameness of name and other particulars, I think it was no more than reasonable to assume that the maker of the deed to McRae was the same person the defendant held out as his brother, John McGregor, and under whom he asserted his claim. Hence the argument for defendant on this point appears to me to be not well grounded.

The judgment should be reversed with costs, and a new trial granted.

MARSTON, C. J., and COOLEY, J., concurred.

CAMPBELL, J. I think that the statement by McGregor that he held under his brother, being made some years after the deed from John McGregor, was not an admission that he held under the prior grantee, and that judgment was right.