PRISCILLA COVERT v. CHARLES M. MORRISON.

*Ejectment by heirs of a homestead—Burden of proving title—Tenant-at-will can defend possession against intruders.*

Ejectment in Michigan, is a possessory action and does not necessarily involve title; the party having the right to present possession is always entitled to recover.

A plaintiff in ejectment who shows that he has been in possession claiming title, makes a *prima facie* case on which he is entitled to judgment unless defendant shows a present right in himself or an outstanding title in some third party on which he is at liberty to rely. But a mere intruder cannot protect his intrusion under an outstanding title in a stranger.

The heirs of a man who died in possession of land which he occupied as a homestead can maintain ejectment or trespass against intruders; and the latter cannot impose on them the burden of proving that their ancestor's title was perfect.

An imperfect title, especially if obtained by descent, can be disputed by those, only, who have a better one.

A tenant at will can defend his possession against mere intruders; so *held* of a widow who without objection from the heir at law, continued in possession of land which her husband had occupied as a homestead, and did so after the expiration of the year during which she was entitled to occupy the dwelling-house thereon.

Error to Shiawassee.   Submitted June 27.   Decided October 4.

EJECTMENT.   Defendant brings error. · Affirmed.

*A. D. Griswold* for appellant.   A widow has no homestead right if the children are adults: *Matson v. Melchor* 
42 Mich. 481.

*Cook & Daboll* for appellee.

COOLEY, J.   This is an action of ejectment, and was tried 
by the circuit judge without a jury.   The facts are found 
by the circuit judge, and, omitting immaterial matters, the 
finding is as follows: That Richmond Covert, during his 
life-time, and at the time of his death, was the owner in 
fee-simple and in possession of the lands mentioned and set 
forth in the declaration; that the said Richmond Covert 
died on the fifth day of July, 1874; that at the time of his 
death he was occupying said described land, with his family, 
as his homestead; that at the time of his death he had only 
one child, a daughter, who was then over twenty-one years 
of age and married, and was living with her husband away 
from said piece or parcel of land; that the plaintiff in this 
action was, at the time of the death of the said Richmond 
Covert, his wife, and now is his widow, having never re-married, and that she lived awhile upon the said land after the 
death of said Richmond Covert, occupying the same as her 
homestead, and did not at the time of the death of the said 
Richmond Covert, and has not, at any time since, owned or 
had any other homestead or real estate whatever; that she 
was temporarily away from said premises at times, visiting 
her daughter, before mentioned, but never abandoned her 
said homestead, but intended to and did retain, treat, and 
hold the same as her homestead, and did from the time of 
her said husband's death to the time of the trial of this 
action; that the said land is of less value than fifteen 
hundred dollars; that before the beginning of this action the 
defendant, Charles M. Morrison, wrongfully, and without any 
authority whatever, entered into the possession of the said 
premises, and wrongfully and unlawfully continues in possession of the same.   It was conceded upon trial by counsel

for the defendant in open court that the plaintiff had a dower right in said premises. The judge therefore finds that the defendant, Charles M. Morrison, is guilty of unlawfully withholding from the said plaintiff the premises hereinbefore described, and that the said plaintiff is well entitled to hold the same during her natural life-time by virtue of her homestead right as widow of the said Richmond Covert, aforesaid, and has her dower right therein.

Judgment for the plaintiff was ordered upon this finding.

It has been assumed in this Court that upon this record the defendant was at liberty to raise the question whether the plaintiff was possessed of a homestead right in the premises, and that unless she could' maintain such a right on the finding, the judgment in her favor should be reversed. But this is a grave error. The finding discloses no ground on which the defendant is at liberty to question the plaintiff's right to the possession, whatever may be its basis.

Ejectment in this State is a possessory action, and does not necessarily involve the title. The party having right to present possession is always entitled to recover, and it is quite unnecessary for him to show more, unless some question of damages or the value of improvements made by the defendant shall require it. A case of that kind is seen in *Bertram v. Cook* 44 Mich. 396.

If the plaintiff has been in possession of the land claiming title, he may stop with that showing, as a *prima facie* case; and he is entitled to judgment upon it unless the defendant shows either a present right in himself or an outstanding title in some third party upon which he is at liberty to rely. *Warner v. Page* 4 Vt. 291: s. c. 24 Am. Dec. 607; *Hubbard v. Little* 9 Cush. 475; *Van Auken v. Monroe* 38 Mich. 725; *Gamble v. Horr* 40 Mich. 561. And a mere intruder cannot be permitted to protect his intrusion under an outstanding title in a stranger. It would be a violation of just principle to permit it. *Jackson v. Harder* 4 Johns. 202: s. c. 4 Am. Dec. 262.

This plaintiff does not show that she is claiming title in fee, and the finding by inference negatives it. But it is

found that her husband died in possession of the land which he occupied as a homestead; and that finding would have been sufficient to entitle his heirs to maintain ejectment or trespass against intruders. It could not be tolerated that a mere stranger to the title should seize upon the possession under such circumstances, and then call upon the heirs to present proofs that their ancestor's title was impregnable. The peace of society requires that even an imperfect right should not be disputed and unsettled except on the motion of some one having a better; and the principle that forbids it has special importance in its application to rights by descent, which the heirs may not at once fully understand, and might therefore be imperfectly prepared to defend if a showing of a perfect title were demanded.

It is not questioned on this record that the right to possession passed, on the death of the plaintiff's husband, to his heir at law, nor that the plaintiff was left in possession with a right to dower. The statute gave her rightful possession of the dwelling-house for a year, with sustenance from the estate; Comp L. § 4291; and if she remained longer, and claimed and exercised control of the whole land, without legal right in herself but without objection from the heir, she was at the very least tenant at will to the heir, and that was sufficient to enable her to protect her possession as against mere intruders. No mere stranger to the title has any call or any business to disturb the widow's possession for no better reason than because it is not perfect as against the whole world, or to assume to be as against her the champion of the rights of others which they do not choose to assert on their own behalf.

The judgment must be affirmed with costs.

The other Justices concurred.