CLARENCE ATWOOD v. WILLIAM FROST.

*Ejectment for lands in trustee's possession—Guardianship.*

1. Land devised to an infant was left in the possession of a trustee who was not to surrender it to the devisee until the latter should become of age, and show sufficient capacity to be entrusted with it. How. Stat. § 5573. The trustee was entitled to possession. Id. § 5565. *Held*, that the devisee, on reaching majority, could not bring ejectment against a third person until the trustee had either surrendered the possession or transferred the right thereto by an instrument in writing; the trustee's acquiescence in the suit is not enough.

2. Guardianship of a minor's person does not carry with it the control or possession of the ward's real estate.

Error to Kalamazoo. (Mills, J.) May 6–7.—June 10.

EJECTMENT. Defendant brings error. Reversed.

*Henry F. Severens* for appellant.

*Fred. H. Atwood, James H. Kinnane* and *Dallas Boudeman* for appellee.

CHAMPLIN, J. Plaintiff brought ejectment against defendant to recover the possession of certain land which he claims in fee. The declaration contains two counts. In the first he claims title to the north 64 acres of the east $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 11, in town 4 south, range 9 west. In the second count he claims title to the east $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of said section, and a piece of land in the northwest corner

of the east $\frac{1}{2}$ of the southeast $\frac{1}{4}$ of said section, being twenty-two acres of land, bounded south by the highway. It will be observed that the second count embraces all the land described in the first count, besides other land.

The defendant filed the statutory plea of the general issue. A trial was had before the court, without a jury, and judgment rendered in favor of the plaintiff as to the lands described in the first count of his declaration. Both plaintiff and defendant claim title from one Benjamin Atwood, deceased ; the plaintiff, as a devisee under his will, and the defendant under a sale made by his executor. Benjamin Atwood died April 20, 1874, leaving a last will and testament, wherein he devised to his grandson, the plaintiff, the land in controversy. In said will he appointed Ephraim Atwood and Sylvester Fredenburg executors. Ephraim Atwood declined to act as executor, and on May 22, 1874, the will was admitted to probate, and letters testamentary were issued to Fredenburg. The plaintiff, at the time of probating the will, was an infant, and Ephraim Atwood was appointed as guardian by the probate court. Ephraim Atwood took possession of this property and held the same until defendant took possession under sale of December 11, 1880. The widow took as dower thirty-eight acres of the land devised to plaintiff,— all that portion of the land described in the second count of the declaration, except the sixty-four acres mentioned in the first count.

On the 15th day of December, 1879, the probate court licensed the executor to sell seven parcels of land, among them being this in question—this one hundred and two acres. The order of the probate court for hearing the petition to sell was made on November 17, 1880. The executor, prior to July 3, 1880, sold three of the parcels not specially devised by said Atwood. On June 18, 1880, the executor filed his final account. On July 3, 1880, he petitioned the probate court for an order of contribution under the statute, and the court appointed the 2d day of August, 1880, for hearing said petition. On the last-mentioned date the court decreed that plaintiff was a devisee named in the will, and had re-

ceived from said estate the land described in the second count of the plaintiff's declaration, and ordered that he contribute for the payment of the debts of the estate $614.25, and that he pay the same within twenty days, and in the event of his failure to do so, that the executor proceed to sell under the license of December 15, 1879. Plaintiff or his guardian did not pay, and in September, 1880, the executor gave notice of sale for October 30, 1880. On October 30th he adjourned the sale to December 11, 1880. On November 1, 1880, the probate court, without notice to any one, corrected its assessment and increased that of plaintiff to $701.31. Without any other proceedings or notice the executor, on December 11, 1880, sold the land described in the second count of the plaintiff's declaration, and the other piece described in the notice of sale, to the defendant.

On December 14, 1880, the executor made a deed of said land to defendant. This deed recites " that in pursuance of said several orders above referred to he has sold, and does give, grant, sell, and convey unto William Frost" the land described, and this deed is signed by Sylvester Fredenburg individually, and not as executor. Under this deed defendant took possession of the land described in the first count of plaintiff's declaration.

Clarence Atwood became twenty-one years of age in June, 1883, and in October, 1883, brought this suit. He never has received anything from his guardian, and his guardian never objected to his bringing this suit for the recovery of this property. The executor made his report of sale to the probate court, showing the sale to defendant, and showing all the proceedings, and that they were had under and by virtue of the license of December 15, 1879. The sale was duly confirmed. The plaintiff's guardian approved the sale to defendant, and received and accepted the larger part of the proceeds as such guardian.

The first point made by defendant is whether the plaintiff shows in himself the right to the possession necessary to support this action, independently of any question touching the defendant's right. This right rests entirely upon the

seventh clause of the will of Benjamin Atwood, deceased, which reads as follows:

"7. I give and devise to my grandson, Clarence Atwood, son of John M. Atwood, the balance of my land, not otherwise disposed of, on said sections eleven and twelve, and lying north of the highway; the possession and control of the same to remain in Ephraim Atwood, my executor, until Clarence shall arrive at the age of twenty-one years; the possession and control of said land to be by said Ephraim Atwood transferred to said Clarence, whenever, after arriving at the age of twenty-one years, and not until in the judgment of said Ephraim, said Clarence shows sufficient capacity and prudence to be intrusted therewith. In case said Clarence should die without issue, then this land so devised to him shall descend to all my children, undivided, share and share alike; the use of said property to be by said executor applied for the benefit of said Clarence."

It was held by this Court in *Covert v. Morrison* 49 Mich. 133, that the action of ejectment is a possessory one, and can be maintained only at the instance of the party entitled to the immediate possession of the land. By the seventh clause of the will above quoted the possession and control of the land is expressly given to Ephraim Atwood, and is to remain in his possession until in his discretion he transfers it to Clarence. Ephraim was also to receive the use of the property devised, and apply the same for the benefit of Clarence. Whether the legal effect of the devise is to vest the legal title in the land in Ephraim Atwood, as contended for by defendant's counsel, it is not necessary to decide, as the contest now is not between Ephraim and Clarence; but, under the express provisions of How. Stat. § 5565, Ephraim is deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions as his beneficial interest. The trust created by the will appears to be authorized by How. Stat. § 5573, subd. 3. The fifth, fourteenth, and seventeenth findings of fact are the only ones bearing upon the question now under consideration. We quote them entire.

5. "The plaintiff, at the time of the death of Benjamin

Atwood, was an infant. After the probate of said will the said Ephraim Atwood was appointed as his guardian, and took and held possession of the sixty-four acres described in the first count of plaintiff's declaration, until after the executor's sale to the defendant hereinafter mentioned, when the defendant obtained possession, and was in possession of said sixty-four acres when this suit was commenced. The plaintiff became twenty-one years of age in June, 1883, before this suit was commenced, and he claims the title to the land in controversy through the said will of Benjamin Atwood, deceased."

14. "The plaintiff in this case never acquiesced in said sale to defendant, either before or after he became of age, or of his right to the possession of said premises; that he never received any of the surplus money on said sale; and his guardian, Ephraim Atwood, did not object to his taking possession of said real estate after he became of age, nor to his bringing this suit to obtain possession thereof; and said Ephraim Atwood has not done nor said anything in relation to the possession of said premises since the defendant went into possession. The said guardian approved of the said sale to the defendant, and received and accepted the larger part of the proceeds thereof as such guardian."

17. "The possession by Ephraim Atwood, stated in paragraph No. 5, was not taken, or at any time held by him, under any express assent of the executor, nor by any agreement on his part that it might be done. The said executor never surrendered the said land to the devisee or his guardian, nor objected to his taking possession thereof. Said executor did not continue in possession of said premises, or pay any taxes thereon."

It does not appear that Ephraim Atwood ever renounced the trusts of the will, by which he was clothed with the right to the possession of the property for the benefit of Clarence. The fifth finding states that after the probate of the will Ephraim was appointed guardian of the minor, Clarence. This was a guardianship over the person of the minor. Nothing is said of any guardian of the estate of the minor. The possession taken by Atwood of the land was, doubtless, as the testamentary trustee of the property, for the benefit of Clarence. Such would be the necessary inference from the findings.

For all that appears, the right of possession still remains in Ephraim Atwood. The only way the possession or the right of possession can pass from Ephraim to Clarence is by an actual surrender, or by an instrument in writing. Neither of these material facts are found to exist, and without them the plaintiff has no right of action. The facts found that the guardian, Ephraim Atwood, did not object to Clarence taking possession of said real estate after he became of age, nor to his bringing suit, are not equivalent to finding the facts affirmatively of a transfer of the land to Clarence after he arrived at the age of twenty-one years, in discharge of the trust reposed in him by the seventh clause of the will. We forbear to discuss the other points raised, as, under the facts stated in the record, we think the plaintiff is not entitled to maintain this action.

The judgment must be reversed and a new trial granted.

COOLEY, C. J. and CAMPBELL, J. concurred. SHERWOOD, J. did not sit.