KINGSNORTH *v.* BAKER.

1. EJECTMENT—RIGHT TO MAINTAIN BY VENDEE IN LAND CONTRACT ENTITLED TO POSSESSION.

   One entitled to possession of land under an executory land contract may maintain ejectment, since the action may be used not only to try titles, but also to determine the right of possession.

2. APPEAL AND ERROR—OBJECTION—FORM OF VERDICT.

   Objection to the form of the verdict should be made in the trial court, but where not so done, and where no prejudice by reason thereof could result to defendant, the verdict, if necessary, may be corrected in this court.

3. SAME—TRIAL—IRREGULARITY IN SUBMISSION OF SPECIAL QUESTIONS—OBJECTION.

   Where special questions submitted to the jury by plaintiff's counsel were not first submitted to defendant's counsel for examination, and, although counsel objected thereto, he did not suggest to the trial court that he was taken by surprise, that he wanted more time to consider them, that he wanted to discuss them with the court or jury or that they were improper, and the record shows that said questions and answers might have been eliminated without affecting the general verdict, said irregularity in their submission will not be considered in this court.

Error to Ottawa; Cross (Orien S.), J. Submitted January 12, 1921. (Docket No. 89.) Decided March 30, 1921.

Ejectment by Grace Kingsnorth against Hendrick Baker. Judgment for plaintiff. Defendant brings error. Affirmed.

*Smedley & Linsey*, for appellant.

*Thomas N. Robinson*, for appellee.

MOORE, J. This is an action in ejectment. On the 6th day of July, 1917, the parties to this litigation entered into a land contract for the sale of the property in question to plaintiff, for a consideration of $925, $100 to be paid on the date of the execution of the contract and $24 to be paid quarterly. The land contract was written on a blank form in common use. Mrs. Kingsnorth moved to Rock Island, Illinois, and during part of the summer of 1919 she rented the premises to Mrs. Hanchett of Chicago, who at the end of the season sent the plaintiff the key to the house.

In September, 1919, the plaintiff received the following:

"Mrs. J. B. KINGSNORTH:
"I received your $8.00 for rent, but you do not do as you said you would about the $10.00 a week. You are so much behind and I went to a real estate man and he said to move right in, which I did, although I had no key. So your place is gone back to me as I foreclosed on you. I can see on all sides you do not do right.
"From HENDRICK BAKER."

The plaintiff stated that this was the first knowledge she had that defendant meant to forfeit the contract, and that at this time she had made all the payments the contract called for or had agreed upon a settlement with defendant of all that was due under the terms of the contract. She had several interviews with the defendant, but as she was unable then to come to any agreement with him, on the 9th day of October, 1919, she commenced this ejectment suit, filing a declaration which she claims complies with the provisions of sections 13174 and 13177, 3 Comp. Laws 1915.

The defendant pleaded the general issue and gave notice in substance:

(1) That he repossessed himself of the premises for the reason that plaintiff had violated the terms of the contract.

(2) That he took possession of said premises by the express consent of the plaintiff given July 1, 1919.

Objection was made to the admission of the contract in evidence. A motion was made for a directed verdict. The case was submitted to the jury who returned a verdict in favor of the plaintiff. A motion was made for a new trial, which motion was overruled. The case is brought here by writ of error.

Counsel discuss the assignments of error under 11 heads which really revolve around one pivotal question, to wit, If the plaintiff has any remedy upon this record, may she assert it by means of an ejectment suit? Counsel for the appellant insist she cannot.

We cannot state counsel's position better than to make two or three quotations from the brief as follows:

"The only title plaintiff claims is by virtue of an executory land contract. An equitable title, at most, which may, if the terms of the land contract are performed, give her the right to demand the execution of a deed of the fee to the property from defendant. It is admitted the legal title to the fee is in defendant. * * *

"Plaintiff cannot recover because she has only the equitable title and defendant has the legal title. The legal title is the only title involved in an action of ejectment."

Counsel cite many authorities, many of them Michigan cases, but a reference to them will show them easily distinguishable from the instant case.

In 9 R. C. L. at p. 827 it is said:

"Definition, Nature and Purpose of Ejectment. In a general way it may be said that ejectment is a form of action in which the right of possession to corporeal hereditaments may be tried and the possession obtained. As defined by the statutes of some States, it is 'an action to recover the immediate possession of real property.' At common-law ejectment was a purely possessory action, and even as modified by statute, and

though based upon title, it is still essentially of that nature, and is confined to cases where the claimant has the possessory title; that is to say, a right of entry upon the lands."

Later the same authority says the action is used not merely to recover the possession of lands, but to settle the title and establish the right of property.

In *Michigan Cent. R. Co.* v. *McNaughton,* 45 Mich. at p. 88, Justice GRAVES, speaking for the court, discusses the history of the action of ejectment in an illuminating way, showing the action may be used not only to try titles, but also to determine who has the right of possession.

The language of Chief Justice GRANT in *Olin* v. *Henderson,* 120 Mich. 149, meets many of the objections raised by counsel in the instant case. We quote:

"It is urged that plaintiffs showed no title in fee, and therefore could not recover; the precise claim being that the contract under which plaintiff claims title does not convey the fee, and that having claimed title in fee, they have failed to make their case. To support this proposition counsel cites *Buell* v. *Irwin,* 24 Mich. 145; *Gamble* v. *Ross,* 88 Mich. 315, and several other authorities. We cannot take the time to analyze those cases. An examination will show that they do not apply to this case. The contract contemplated and permitted possession by the vendees. The trial was evidently conducted upon the understanding that the plaintiffs were in possession under the contract, which evidently gave them the right of possession. Ejectment is a possessory action, and a vendee in such contract, in possession under it, is entitled to maintain ejectment against one who has ousted him from the land. *Covert* v. *Morrison,* 49 Mich. 135. A vendor in a land contract giving the vendee right of possession cannot maintain ejectment until he has in some manner terminated the contract relation. *Michigan Land & Iron Co.* v. *Thoney,* 89 Mich. 226.  *  *  *

"Section 7790 [2 How. Stat. (1st Ed.)] provides that in order to recover the plaintiff must show 'a valid subsisting interest in the premises claimed, and a right

to recover the possession thereof, or of some share, interest or portion thereof.' While it is true that the plaintiffs had not the legal title, and therefore did not show title in fee, as alleged in the declaration, yet, under the statute in question, prescribing the contents of the declaration, there is only one requirement, if the statute is strictly followed, under which plaintiffs could bring their action, and that is that they claimed in fee. While plaintiffs might with propriety have fully set out the contract, and possession under it, we are cited to no authorities requiring this to be done. Defendant is not prejudiced or misled. The point is purely technical. We are not, therefore, disposed to reverse the case upon this ground."

A late case holding that one entitled to the possession of land may maintain ejectment is *Moody* v. *Macomber*, 159 Mich. 657.

The trial judge charged the jury as follows:

"1. Gentlemen of the Jury: This action is brought by plaintiff Grace Kingsnorth against the defendant Hendrick Baker to recover possession of property. It is the claim of the plaintiff that she bought the property in question of the defendant on a land contract and that she has fully paid all the payments required by the contract; that he has taken possession of the property, refuses to let the plaintiff take possession and she brings this action to recover the possession.

"2. The defendant claims that the plaintiff failed to make the payments as required by the contract and that he declared the contract forfeited and took possession of the property and is now entitled to the possession of the same, and does not hold the same against the plaintiff unlawfully.

"3. Those are the claims of the parties in this case, and in stating their claims to you I do not state which of the claims are true, for that is the question for you to decide.

"The burden of proof in this case is upon the plaintiff and before the plaintiff can recover she must prove her case and all the essential elements thereof by a preponderance of the evidence."

Each of the parties produced evidence tending to

support their respective claims. The testimony was in sharp conflict. To illustrate: The plaintiff produced a small book in which she testified the defendant made entries of payments as she made them, and that she saw him make the entries. She also produced checks on a bank drawn by her that purported to be indorsed by the defendant. The defendant testified that he did not make some of the entries in the book and that he did not indorse the checks. The defendant's banker was produced, who testified he had seen defendant write many times, and was familiar with his handwriting, and that the entries in the book and the indorsements on the checks were all in the handwriting of defendant.

In the entry of the verdict and judgment appears the following:

"That the said Hendrick Baker is guilty of unlawfully withholding from the said Grace Kingsnorth the premises * * * and that the said Grace Kingsnorth is well entitled to hold the same in fee under the said land contract."

It is now said that as the plaintiff admitted she held only under the land contract and that defendant had the legal title, that including the words "in fee" in the verdict constitutes reversible error. This claim is made for the first time in this court. No objection was made to the form of the verdict in the court below and when the verdict and judgment are read as an entirety we do not think anybody would be misled, but if necessary the word "in fee" might be eliminated.

At the close of the charge the following occurred:

"In addition to your regular verdict you will also be required to answer these two questions and you will answer these questions by writing the word 'yes' or the word 'no,' as you determine the evidence to be, on the line where it is marked 'Answer,' and the foreman of

the jury will sign it and hand it in with the regular verdict.

"You may swear an officer.

"*Mr. Linsey:* I want to call the court's attention to the fact that the counsel for plaintiff did not show me the special questions; I did not know they were to be handed up until they were submitted to the jury.

"*The Court:* I supposed you had seen a copy of them.

"*Mr. Linsey:* No, I didn't know it until just now, so I take an exception to submitting the special questions to the jury."

Counsel now say this was reversible error. He did not suggest to the trial court that he was taken by surprise or that he wanted more time to consider the special questions, or that he wanted to discuss them to the court or the jury, nor did he claim they were improper questions to be submitted to the jury. The most cursory examination of the record will show that the special questions and answers might be eliminated without affecting the general verdict.

We have examined all the other assignments of error but do not think it necessary to discuss them. A careful reading of the entire record does not satisfy us that any injustice has been done.

The judgment is affirmed, with costs to the appellee.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.