## BROWN *v.* ECKEL.

1. EJECTMENT—POSSESSORY REMEDY.
   Ejectment is possessory remedy by which holder of legal title to premises may recover from one holding possession under invalid title.

On recovery as based on right of possession, see annotation in 6 L. R. A. (N. S.) 712.

2. SAME—RECOVERY MUST BE ON STRENGTH OF PLAINTIFF'S TITLE.

   In ejectment plaintiff must recover on strength of his own title.

3. SAME—SUFFICIENCY OF TITLE.

   Grantee of former owner's widow is not entitled to recover in ejectment as against grantees of his vendee, where plaintiff failed to show that property in question was inventoried as part of husband's estate, or that it was assigned to widow as such, and defendants offered proof of payment of contract, existence of which is admitted, that premises were improved and occupied by vendee for more than 40 years, that no notice of default or termination of said contract was ever served or given, and that plaintiff had notice of defendants' rights.

Appeal from Mackinac; Sprague (Victor D.), J. Submitted June 10, 1932. (Docket No. 80, Calendar No. 36,175.) Decided September 16, 1932.

Ejectment by Rosalie Duffina Brown against Anthony Eckel and others to recover possession of land. Judgment for defendants. Plaintiff appeals. Affirmed.

*Pailthorp & Pailthorp,* for plaintiff.

*James F. Shepherd,* for defendants.

POTTER, J. Plaintiff began ejectment against defendants to recover a parcel of land on Mackinac Island formerly owned by George T. Arnold. George T. Arnold died. His real estate was devised to his widow, Susan B. Arnold, who conveyed the premises in question to plaintiff. This is the basis of her claimed title and right to recover. Defendants claim George T. Arnold bought the premises in question for Alexander Duffina, father of plaintiff and defendant Lena Eckel; that George T. Arnold sold the premises to Alexander Duffina; payments on the land contract were made; the contract price

paid; the contract was never forfeited or released; Alexander Duffina and wife continued to occupy and improve the premises during a period of 40 years; neither this real estate itself nor the contract with Alexander Duffina was inventoried among the assets of George T. Arnold, after his death; George T. Arnold parted with the title to the premises prior to his death; defendants Eckel cared for Alexander Duffina and wife in their old age and received a deed of the premises in question from Alexander Duffina in recognition of his obligation to compensate them for their services; plaintiff took the deed from Mrs. Arnold with full knowledge of the rights of Alexander Duffina, and hence is not entitled to possession as against defendants Eckel and the other defendants who claim under them. The trial court rendered judgment for defendants, and plaintiff appeals.

Ejectment is a possessory remedy (*Wilkinson* v. *Williams,* 51 Mich. 155), by which the holder of a legal title to premises may recover from one holding possession under an invalid title. *King* v. *Carpenter,* 37 Mich. 363. Plaintiff must recover upon the strength of her own title. *Van Vleet* v. *Blackwood,* 39 Mich. 728; *Webber* v. *Pere Marquette Boom Co.,* 62 Mich. 626. Both parties claim title by *mesne* conveyances from George T. Arnold. We need go back only to the common source of title of the adverse parties in this suit. *Drake* v. *Happ,* 92 Mich. 580; *Eames* v. *McGregor,* 43 Mich. 313; *Cronin* v. *Gore,* 38 Mich. 381.

"Ejectment in this State is a possessory action, and does not necessarily involve the title. The party having right to present possession is always entitled to recover, and it is quite unnecessary for him to show more." *Covert* v. *Morrison,* 49 Mich. 133.

In this case plaintiff has shown a deed from Mrs. Arnold who took under the will of George T. Arnold. She has not shown the property in question was inventoried as a part of the estate of George T. Arnold; that the contract between George T. Arnold and Alexander Duffina was inventoried as a part of the estate of George T. Arnold, or that the premises were assigned by the probate court to her incident to the administration of the estate of George T. Arnold. Defendants have shown the premises were purchased by Alexander Duffina of George T. Arnold, payments on the contract, improvement of the premises, occupancy by Alexander Duffina for 40 years, conveyance to Mrs. Eckel by Alexander Duffina, the contract being conceded and there being proof tending to show its payment, knowledge on the part of plaintiff, and that no notice of default or of termination of the contract was served or given. We think plaintiff has not shown she is entitled as against defendants to the possession of the property.

The judgment of the trial court is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.